14-217-cv
Giganti v. Polsteam Shipping Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 7th day of January, two thousand fifteen.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
             CHRISTOPHER F. DRONEY,
                  *Circuit Judges*.

_____

MICHAEL GIGANTI,

                  *Plaintiff-Appellant*,

            v.                                    14-217-cv

POLSTEAM SHIPPING CO.,[1]

                  *Defendant-Appellee*.

_____

Appearing for Appellant:     Nicholas Dell'Anno, Krentsel & Guzman, LLP, New York, N.Y.

Appearing for Appellee:      Robert A. Suarez, Ropers Majeski Kohn Bentley P.C., New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Chen, *J.*).

     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

_____

[1] The Clerk of the Court is directed to amend the caption as above.

Michael Giganti appeals from the December 13, 2013 memorandum and order of the United States District Court for the Eastern District of New York (Chen, *J.*) dismissing his negligence action against Polsteam Shipping Co., the owner pro hac vice of the M/S Pilica, brought pursuant to the Longshore and Harbor Workers' Compensation Act ("LHCWA"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Giganti challenges only the district court's finding that he failed to raise a material question of fact as to whether Polsteam breached its duty to intervene. The duty to intervene is "an exception to the generally limited duties imposed on the vessel once operations have begun." *Gravatt v. City of New York*, 226 F.3d 108, 121 (2d Cir. 2000). Under the duty to intervene, the "vessel owner must intervene if it acquires actual knowledge that (1) a condition of the vessel or its equipment poses an unreasonable risk of harm and (2) the stevedore is not exercising reasonable car to protect its employees from that risk." *Id.* citing *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156 (1981). The "basic thrust" of *Scindia* was to place "the primary burden on the stevedore for avoiding injuries caused by obvious hazards. " *Scindia*, 451 U.S. at 180 (Powell, *J.* concurring).

We affirm for substantially the reasons set forth in the district court's opinion. As we have observed, the "sine qua non of a ship's liability for an obviously dangerous condition arising during the process of loading or unloading is reasonable anticipation that the longshoremen will not be able to avoid it." *Moore v. M.P. Howlett, Inc.*, 704 F.2d 39, 42 (2d Cir. 1983) (internal quotation marks omitted.). "Indeed, the very fact that the discharging of cargo is carried out by expert and experienced stevedore[s] implies that certain dangers that may be hazardous to unskilled persons need not be remedied if an expert and experienced stevedore could safely work around them." *Sinagra v. Atl. Ocean Shipping, Ltd.*, 182 F. Supp. 2d 294, 299 (E.D.N.Y. 2001) (internal quotation marks omitted). Here, there is no question of fact that a stevedore experienced in unloading sugar would be aware that sugar regularly falls on deck during the offloading process, and that sugar mixed with water is slippery.

We have considered the remainder of Giganti's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2